Ruffin, C. J.
 

 After the decision between these parties at August Term, 1850, 11 Ire. 307, the case came on again in the Superior Court, and, on the trial, the plaintiff again offered, as'witnesses, the two sons of his intestate, who were before deemed incompetent. They released to the plaintiff their distributive shares
 
 of their father’s
 
 personal estate, and the plaintiff released to them respectively all claim for the costs of their suit. The defendant then gave evidence as before, that certain creditors of the intestate, after getting judgments in suits against the plaintiff as administrator, in which his plea of
 
 plure adminis-travit
 
 was found for him, issued writs of
 
 scire facias
 
 against the heirs, to have execution against the estate to which the
 
 *437
 
 heirs had not as yet pleaded, though still pending, and further, that lands in Tennessee descended to the heirs, of which the value was unknown, and also that the intestate had sold, in his lifetime, certain lands in this State, reserving to himself and his heirs the mines and minerals therein, and that after the expiration of two years from the granting of administration to the plaintiff, all the heirs had sold and conveyed that right to the purchasers of the land, and ¡that the two sons, tendered as witnesses, received fo^their interest ten dollars each, and that it was not known, that there were any minerals in the land, or that the interest was of any value. Thereupon the witnesses executed a further release to the plaintiff, of their -right to make up a collateral issue as to personal assets in the suits against them by the creditors as to the sum of ten dollars each, with the interest thereon from the date of their sales, and then they were admitted and gave material testimony, and the plaintiff had a verdict and judgment from which the defendant appealed.
 

 The Court is of opinion, that, in respect of the realty in this State, the case is not varied by the new facts from what it was before. These two pei'sons have precluded themselves from making up an issue with the administrator, but they cannot control the defendant and the other heirs in that respect, and it seems clear that any one of them could tender the issue, and if found against the administrator, the creditor would have execution against him for the sum found in his hands, which would necessarily operate to the exoneration
 
 pro tanto
 
 of all the real estate descended. That one of the heirs could make up the issue is apparent from the consideration that most frequently the personal representative is also an heir and devisee, and no particular provision is made for that case and, yet the constant course has been to proceed in such cases at law, and without resorting to the Court of Equity. The witnesses were
 
 *438
 
 liable for the want oí personal estate
 
 to
 
 the creditors for the value of the estate reserved by their father in the lands sold by him,
 
 which, prima facie
 
 at least, is to be taken, as not less than the price got for it, and at all events is something.
 

 From that liability they may be relieved by some of the heirs compelling the creditor’s to resort to the personal fund, and these witnesses still have an indirect interest in the personalty notwithstanding their release to the plaintiff. iftis said, however, that they have discharged themselves irom liability to the creditors, by divesting themselves of the money received by them for the land. But assuming that to be the valué, this position is not correct, as the money has not been paid to a creditor, and does not belong to any one or all of them, and the deposit with the clerk or any other person for the use of the creditors could not be pleaded by these persons in bar to the
 
 scieri facias,
 
 but they remain just as much liable now as they would be, if they had thrown the money away. As that is so, it is useless to consider how far their competency might be affected by the possible liability, at law, in Tennessee of the lands in that State, or the personal liability in equity of the witnesses in this State or in Tennessee in respect of those lands.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.